UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EXPERT JANITORIAL, LLC,            )<br>                                                             )<br>     Plaintiff,                                  )<br>                                                             )    No. 3:09-CV-283<br>                                                             )    (VARLAN/GUYTON)<br>V.                                                        )<br>                                                             )<br>HELEN WILLIAMS and,                 )<br>KELLY TYER,                                  )<br>                                                             )<br>     Defendants.                              ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 30] referring the Plaintiff's Motion for Temporary Restraining Order, Expedited Discovery and Order to Preserve Evidence [Doc. 3] to this Court for disposition. Pursuant to an Agreed Order [Doc. 29] entered January 11, 2009, the scope of the Plaintiff's Motion has been reduced. The parties have agreed that only the expedited discovery issue remains outstanding. Thus, the motion before the Court is now, effectively, a motion for expedited discovery.

The instant motion was filed on June 29, 2009, just three days after the Complaint [Doc. 1] was filed in this case. The motion was obviously meant to address concerns that the electronic media that contain much of the evidence underlying the causes of action in this case would be erased or destroyed. Six months have elapsed since the filing of this motion. In that time, the parties have obviously discussed the issue of evidence destruction, and the Defendants have acknowledged their duty not to delete or destroy relevant information or data. [See, e.g. Doc. 29 at ¶ 1-2].

Further, a Scheduling Order [Doc. 31] has been entered ordering the parties to hold a discovery planning meeting, as required by Rule 26(f) of the Federal Rules of Civil Procedure, on or before February 11, 2010. Thus, the parties will be able to begin discovery in this matter after the parties meet and no later than February 12, 2010. The Plaintiff is seeking permission to take discovery before conferring pursuant to Rule 26(f), which in this case would mean before February 12, 2010, at the latest.

Based upon the foregoing, the Court finds that the impetus for this request has been mooted by the passage of time, agreement of the parties, and the fact that in two weeks regular discover will commence. At this point in time, good cause for allowing expedited discovery is not present. Accordingly, the Court finds that the Plaintiff's request for expedited discovery, the only remaining prayer for relief in the Motion for Temporary Restraining Order, Expedited Discovery and Order to Preserve Evidence, is moot, and the motion **[Doc. 3]** will be **DENIED AS MOOT**.

The parties are encouraged to address the protocol that will be observed in gathering electronic evidence in this matter at their discovery conference, and to the extent, the issues contained in the parties' pleadings present themselves in the course of taking discovery, the parties may file motions to address the issues in compliance with Section 3(i) of the Scheduling Order.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge