UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EXPERT JANITORIAL, LLC,           )
                                  )
        Plaintiff,                )
                                  )
v.                                )          No.:  3:09-CV-283
                                  )               (VARLAN/GUYTON)
HELEN WILLIAMS and KELLY TYER,     )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendants' Motion to Dismiss Complaint or in the Alternative Motion for a More Definite Statement [Doc. 13], filed by defendants Helen Williams ("defendant Williams") and Kelly Tyer ("defendant Tyer") (collectively, "defendants"). In the motion, defendants request, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of the complaint filed against them by plaintiff Expert Janitorial, LLC ("plaintiff") for failure to state a claim. Alternatively, defendants request that plaintiff be required to provide a more definite statement as to several of the claims asserted in the complaint, pursuant to Rule 8(a) and Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition. Defendants have not filed a reply and the time for doing so has passed. *See* E.D. TN L.R. 7.1(a), 7.2. For the reasons set forth herein, defendants' motion will be denied in part and granted in part.

# I.    Relevant Facts

The factual allegations that serve as the basis for this dispute may be found in plaintiff's complaint [*see* Doc. 1]. Plaintiff is a company that provides janitorial contract services to large retail customers throughout the United States [*Id.*, ¶¶ 1, 7]. In September 2007, plaintiff purchased the assets of Janitorial Maintenance and Supply, LLC ("JMS"), a company that also provided janitorial contract services throughout the United States [*Id.* ¶ 8]. The indirect majority owner of JMS was Clint Williams, husband of defendant Williams [*Id.*, ¶ 10]. Defendant Tyer is the daughter of defendant Williams [*Id.*].

From about September 6, 2007, through about October 27, 2008, defendant Tyer worked for plaintiff as director of sales [Doc. 1, ¶ 11]. On or about October 27, 2008, plaintiff transferred defendant Tyer to the position of retail manager [*Id.*, ¶ 12]. As retail manager, defendant Tyer was responsible for overseeing plaintiff's southeast region, consisting of about five states [*Id.*, ¶ 12]. In this position, defendant Tyer was privy to confidential information regarding vendors, contractors, and customers [*Id.*, ¶¶ 12, 13]. In connection with her employment, defendant Tyer signed a Proprietary Information and Restrictive Covenants Agreement (the "Proprietary Agreement") with plaintiff, in which defendant Tyer agreed that during and after her employment, she would not "disclose, use, lecture upon or publish" any of plaintiff's proprietary information [*Id.*]. The Proprietary Agreement defined "proprietary information" to include "trade secrets, information regarding plans for marketing and selling, prices and costs, methods of operations, suppliers and customer information." [*Id.*]. Plaintiff terminated defendant Tyer on March 31, 2009 due to

her "poor performance, disclosure of . . . confidential information, and other acts . . . ." [*Id.*, ¶ 14].

Defendant Williams is also a former employee of plaintiff, holding the position of vice president-administration from about September 6, 2007, through about September 30, 2007 [Doc. 1, ¶ 15]. Following her resignation on about September 30, 2007, defendant Williams served as a consultant to plaintiff and assisted with employee computer needs and the production of a newsletter until about September 2008 [*Id.*, ¶¶ 15, 19-21]. As both an employee and a consultant, defendant Williams had access to plaintiff's confidential and proprietary information, including email user-names and passwords of plaintiff's employees, including senior employees [*Id.,* ¶¶ 15, 20].

Plaintiff alleges that without authorization, defendants "conspired to unlawfully and secretly access [plaintiff's] email accounts, and to copy, share, store, and use the confidential information they obtained[]" during and after their employment [Doc. 1, ¶¶ 21-22]. Plaintiff also alleges that defendants "intercepted, copied, stored, disclosed, and used confidential . . . emails and confidential information sent via email from and to [plaintiff's] email accounts." [*Id.*, ¶¶ 19, 22]. Plaintiff alleges that this conduct was in furtherance of a conspiracy between defendants and that they "took steps to conceal their wrongful conduct[,]" and attempted to delete any electronic evidence of their acts [*Id.* ¶ 23]. Plaintiff also alleges that defendant Tyer violated the terms of her Proprietary Agreement and disclosed proprietary information to defendant Williams and "other unnamed potential defendants." [*Id.*, ¶ 31].

From around fall 2008 to early May 2009, plaintiff alleges that defendants accessed the email accounts of plaintiff's employees [Doc. 1, ¶ 24]. Specifically, plaintiff alleges that around May 2009, defendants, without authorization, accessed an attorney-client privileged email communication between plaintiff's senior employees, [*Id.*, ¶ 27], and that because of this unauthorized access, one or more unauthorized individuals intercepted a privileged telephone communication [*Id.*, ¶ 28]. Plaintiff also alleges that around March 2009, defendant Tyer used a disposable "TracFone" to dial into and intercept a private, password-protected teleconference between plaintiff's attorney and senior employees or plaintiff [*Id.*, ¶¶ 29-30]. Plaintiff also alleges that, on or about April 25, 2009, after defendant Tyer was terminated, she executed a computer program designed to delete data and files from a laptop computer issued to her by plaintiff [*Id.*, ¶ 32]. Plaintiff alleges that this was an unauthorized use of the computer and caused damage to the computer and the information and data contained on it [*Id.*, ¶ 32]. Plaintiff alleges that the use of the laptop computer and defendants attempts to conceal their conduct disrupted plaintiff's business operations and caused plaintiff to sustain damages in excess of $5,000 [*Id.*, ¶¶ 33, 54].

Asserting the preceding factual allegations, plaintiff filed her complaint against defendants, asserting claims under the Stored Wire and Electronic Communications Act, 18 U.S.C. §§ 2701, *et seq.* (the "SCA") (Count I); the Tennessee Personal and Commercial Computer Act, Tenn. Code Ann. §§ 39-14-602, *et seq.* ("TPCCA") (Count II); the Tennessee Wiretap Act, Tenn. Code Ann. §§ 38-13-601, *et seq.* ("TWA") (Count III); the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.* ("FWA") (Count IV); the Computer Fraud and

Abuse Act, 18 U.S.C. §§ 1030, *et seq.* ("CFAA") (Count V); a breach of contract claim

against defendant Tyer (Count VI); and a civil conspiracy claim (Count VII). In the prayer

for relief, plaintiff requests compensatory damages, punitive damages, statutory damages,

attorney fees, and an injunction enjoining defendants from engaging in specific conduct

[Doc. 1, pp. 13-14]. In response to plaintiff's complaint, defendants filed the instant motion

to dismiss, asserting that several of plaintiff's claims fail to allege the elements essential to

state a claim for relief, while other claims are devoid of details and fail to state plausible

claims for relief. Plaintiff responded in opposition. Defendants have not filed a reply.

## II. Analysis

### A. Standards of Review

#### 1. Rule 8(a)(2) and Rule 12(e) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v.*

*City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give

the [opposing party] fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

and conclusions." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, — U.S.— , —, 129

S. Ct. 1937, 1949 (2009). A formulaic recitation of the elements of a cause of action will not

do. *Twombly*, 550 U.S. at 555. Nor will a complaint suffice it if tenders "naked assertion[s]"

devoid of "further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). A pleading "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

If a pleading fails to specify its allegations in a manner that provides sufficient notice pursuant to Rule 8(a)(2), a defendant can move for a more definite statement under Federal Rule of Civil Procedure Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal courts generally disfavor motions for more definite statements. *Federal Ins. Co. v. Webne,* 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). Thus, in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *Id.* A motion under Rule 12(e) should not be granted unless the complaint is "'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Shirk v. Fifth Third Bancorp,* No. 05-cv-049, 2008 WL 4449024, at *8 (S.D. Ohio 2008) (quoting *Kok v. First Unum Life Ins. Co.,* 154 F. Supp. 2d 777, 781-82 (S.D. N.Y.2001)). Accordingly, if the complaint meets the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the motion should be denied. *Shirk*, at *8.

## 2.     Federal Rule of Civil Procedure 12(b)(6)

A party may also move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  As stated above, a complaint need not contain detailed factual allegations, but requires "more than labels and conclusions, and a formulaic recitation of the elements of a case of action." *Twombly*, 550 U.S. at 555.

In *Iqbal*, the United States Supreme Court reaffirmed its prior holding in *Twombly* that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The Supreme Court then proceeded to explain the two principles underlying these statements:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

> action, supported by mere conclusory statements, do not suffice.
> Rule 8 marks a notable and generous departure from the hyper-
> technical, code-pleading regime of a prior era, but it does not
> unlock the doors of discovery for a plaintiff armed with nothing
> more than conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50 (citations omitted).  Accordingly when a complaint states no more than "mere

conclusions," such "are not entitled to the assumption of truth.  While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations."  *Id.*

at 1950; *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir.

2009) (stating that the standard for a motion to dismiss is to screen out cases that "while not

utterly impossible, are 'implausible'").

## B.    Count I - the SCA

Defendants move to dismiss plaintiff's SCA claim for failure to state a claim for

which relief may be granted.  The aim of the SCA, in part, is to protect individuals' privacy

interests in personal and proprietary information.  *Bloomington-Normal Seating Co.,v.*

*Albritton*, No. 09-1073, 2009 WL 1329123, at *4 (C.D. Ill. May 13, 2009) (citation omitted).

Section 2701 of the SCA provides, in pertinent part, that whoever "intentionally accesses

without authorization a facility through which an electronic communication service is

provided; or intentionally exceeds an authorization to access that facility; and thereby obtains

. . . access to a wire or electronic communication while it is in electronic storage in such

system shall be punished . . . ."  18 U.S.C. § 2701(a); *see Sherman & Co. v. Salton Maxim*

*Housewares, Inc.*, 94 F. Supp. 2d 817, 820 (E.D. Mich. 2000).  The SCA provides that a civil

action may be brought by "any provider of electronic communication service, subscriber, or other person aggrieved by a violation . . . in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind[.]"  18 U.S.C. § 2707(a).

Plaintiff has alleged that defendant Williams obtained and retained the email user-names and passwords of plaintiff's senior employees.  Plaintiff has alleged that after defendant Williams resigned, she and defendant Tyer, without authorization, used these retained email user-names and passwords to access the email accounts of plaintiff's senior employees [Doc. 1, ¶¶ 20-22].  Plaintiff alleges that this was unauthorized conduct. Defendants assert that these allegations are insufficient to state a claim under § 2701 of the SCA because plaintiff has not alleged that it is an electronic communication service provider or that any facility through which an electronic communication service was provided was accessed by defendants.

The SCA defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications[.]"  18 U.S.C. § 2510(15) (incorporated by reference in 18 U.S.C. § 2711(1) of the SCA). "Electronic storage" is defined as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication[.]"  *Id.* § 2510(17)(A), (B).  The language of § 2701 of the SCA does not require that a plaintiff's computers be "electronic services provider[s]," rather, what the statute requires is that a plaintiff's computers or workplace be a "facility" through

which an electronic communication is provided. *See* 18 U.S.C. § 2701(a)(1); *In re Intuit Privacy Litigation*, 138 F. Supp. 2d 1272, 1275 n.3 (C.D. Cal. 2001) (stating that § 2701 "does not require that Plaintiffs' computers be 'communication service providers' only that they be a *facility* through which an electronic communication service is provided" (emphasis in original)).

Plaintiff has alleged that it maintained and stored data regarding employee email accounts, user-names, and passwords on plaintiff's computers and/or computer systems. Plaintiff has also alleged that defendants knowingly accessed this stored data without plaintiff's authorization. The Court notes that at this time and at this stage of the pleadings, the precise nature of plaintiff's email accounts, user-names, and passwords cannot be determined. However, for the purposes of a motion to dismiss, plaintiff's allegations that the email accounts, user-names, and passwords were stored on plaintiff's computers and that defendants knowingly accessed this stored information without authorization, are sufficient allegations to assert a claim under § 2701 of the SCA. Further, it appears to the Court that plaintiff's computers on which the data was stored may constitute "facilities" under the SCA. *See, e.g., Becker v. Toca*, Civil Action No. 07-7202, 2008 WL 4443050, at *4 (E.D. La. 2008) (considering a motion to dismiss an SCA claim and noting that the computers at issue, the personal and business computers of a law firm, may qualify as "facilities" under the SCA and the plaintiff's allegation that a virus targeting password files stored on these computers was sufficient to survive a motion to dismiss). Accordingly, the Court finds that Count I of

plaintiff's complaint is sufficient to state a claim for a violation of § 2701 of the SCA and it will not be dismissed for failure to state a claim.

## C.     Count II - Section 602 of the TPCCA

Defendants next assert that plaintiff's claim under § 602 of the TPCCA does not have citations to specific subsections and is therefore insufficient to put defendants on notice of plaintiff's claims and insufficient to state a claim.  Accordingly, defendants request a more definite statement under Rule 12(e), or, that Count II be dismissed for failure to state a claim. Section 602 of the TPCCA outlines "general provisions" relating to the unauthorized access of personal and commercial computer systems.  *See* T.C.A. § 39-14-602.  Count II of plaintiff's complaint alleges that defendants "intentionally and without authorization accessed [plaintiff's] emails and, without authorization, forwarded, copied, and disseminated [plaintiff's] data." [Doc. 1, ¶ 42]. Plaintiff responds that to satisfy the requirements of notice pleading, it is not required to allege every specific subsection of § 602 that defendants may have violated and plaintiff has asserted factual allegations which assert "numerous potential violations of § 602, including but not limited to . . . § 602(b)(1), . . . § 602(b)(5), [and] . . . § 602(a)(1)[.]" [Doc. 22, p. 12].  *See Cardinal Health 414, Inc. v. Adams*, 582 F. Supp. 2d 967, 981-82 (M.D. Tenn. 2008) (finding, following the defendant's motion for summary judgment, when the plaintiff had alleged a violation of § 602, there was "at least a fact issue" as to whether the defendants violated various provisions of the TPCCA).

In light of the Court's review of plaintiff's factual allegations, the relevant provisions of § 602 of the TPCCA, and the requirement of Rule 8(a)(2) that a complaint need only state

"'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]'" *Twombly*, 550 U.S. at 555 (citation omitted), the Court finds that Count II is sufficient to state a claim under § 602 of the TPCCA and does not find that a more definite statement by plaintiff of its claims under § 602 is warranted. The general provisions of § 602 of the TPCCA involve related factual allegations, will lead to discovery requests pertaining to similar, related facts, and the relevant subsections may be clarified and limited as the parties engage in discovery. In addition, the Court does not find Count II, when viewed in conjunction with plaintiff's factual allegations, to be "so excessively vague and ambiguous as to be unintelligible." *Shirk*, 2008 WL 4449024, at *8 (quotation omitted). Thus, defendants' requests for a more definite statement or dismissal for failure to state a claim in regard to Count II of plaintiff's complaint is denied.

### D.    Count III & Count IV - the TWA and the FWA

Defendants also asserts that plaintiff has failed to state a claim for relief in Count III, which asserts a violation of the TWA,[1] and in Count IV, which asserts a violation of the FWA. Specifically, defendants argue that plaintiff has only made the conclusory allegation that defendants "intercepted" email communications without any facts to show that the acquisition of the emails occurred in the "split second of transmission over a computer

---

[1] Plaintiff alleges that defendants "intentionally intercepted, disclosed, and used [plaintiff's] email communications[]" and "intentionally intercepted, and/or procured another to intercept, the 'wire, oral, or electronic communication[s]'" of plaintiff [Doc. 1, ¶¶ 46-47, 50].

network." *Cardinal Health 414*, 582 F. Supp. 2d at 979 (discussing and citing cases holding that an email communication under the FWA "must be acquired during the 'flight' of the communication").[2] Defendants assert that plaintiff's allegation fails to state a claim because courts have consistently held that unless an email communications is "actually acquired in its split second of transmission over a computer network[,]" it is not intercepted for purposes of these statutes. *Id.*

The Court agrees. Under both the TWA and the FWA, anyone who, without authorization, "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, to oral, or electronic communication[,]" violates the wiretap acts. 18 U.S.C. § 2511; T.C.A. § 39-13-601. Both the TWA and the FWA define "intercept" as the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 U.S.C. § 2510; T.C.A. § 40-6-303(11). The Court has reviewed the cases that have considered this issue, both in this Circuit and others, and determines that the views of those courts finding that the wiretap acts prohibit the "interception" of emails "acquired during the 'flight' of the communication" is the correct approach. *See, e.g., Cardinal Health 414*, 582 F. Supp. 2d at 979; *Bailey v. Bailey*, No. 07-11672, 2008 WL 324156, at *1 (E.D.

_____

[2] In *Cardinal Health 414*, the district court granted summary judgment in the defendant's favor on the plaintiff's claims under the wiretap acts because the plaintiff had not made a showing that the emails at issue were "intercepted." *Cardinal Health 414, Inc.*, 582 F. Supp. 2d at 979-81. The court found that the plaintiff's claim that the defendant accessed emails without authorization was sufficient to state a claim under the SCA, but not sufficient to state a claim under the wiretap acts.

Mich. Feb. 6, 2008); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3rd Cir. 2003);

*United States v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003). *But cf., Potter v. Havlicek*,

No. 3:06-cv-211, 2007 WL 539534, at *7 (S.D. Ohio Feb. 14, 2007) (calling "hyper-

technical" the view that emails must be "intercepted" in flight under the FWA). In this case,

it appears that plaintiff has alleged that defendants obtained and used stored email user-

names and passwords in order to access plaintiff's employees' email accounts over a period

of time—not in the "flight" of communication. Thus, in regard to plaintiff's allegations that

defendants intercepted emails in violation of the TWA and the FWA, plaintiff has not plead

sufficient factual allegations that the emails at issue were obtained contemporaneously with

their transmission.[3]

Plaintiff asserts that defendants have misconstrued plaintiff's claims in Count III and

Count IV.[4] Plaintiff asserts that its claims under the TWA and the FWA also allege an

interception of a telephone call between plaintiff's senior employees and plaintiff's

attorney—an interception of a wire communication, not an email communication. The

relevant allegation in plaintiff's complaint states that:

> Defendant Tyer, alone or with others . . . using the
> aforementioned "TracFone," dialed into the private password
> protected teleconference between [plaintiff's] attorney, [and
> senior employees of plaintiff]. Defendants Williams and Tyer

---

[3] Plaintiff alleges defendants used email user-names and passwords to "copy, forward, and store" emails and to "access" email accounts [Doc. 1, ¶¶ 21-24]. Plaintiff has not alleged any facts to indicate that defendants actually "intercepted" these emails in the moment of transmission.

[4] Plaintiff acknowledges that its allegations under the TWA and the FWA also allege that defendants intercepted plaintiff's emails [Doc. 22, p. 13, n.1; Doc. 1, ¶¶ 45-50].

intentionally intercepted, and/or procured another to intercept the 'wire, oral or electronic communication' of [senior employees of plaintiff].

[Doc. 1, ¶ 30].

Upon review of the allegations contained in paragraph 30 and paragraphs 45-50 of plaintiff's complaint involving the alleged interception of telephone calls and email, plaintiff's allegations of fact are sufficient to state a claim under the TWA and the FWA for unauthorized interception of telephone calls, but not for the unauthorized interception of emails. Accordingly, Count III and Count IV are sufficient to state a claim to the extent the counts allege interception of telephone calls, but not to the extent the counts allege interception of emails.

E.     **Count V - the CFAA**

Defendants also request dismissal or a more definite statement regarding plaintiff's claim under the CFAA. In Count V, plaintiff alleges that defendant Tyer, "wrongfully, intentionally, knowingly, and/or with intent to defraud, accessed [plaintiff's] protected computer and executed commercial software for the purpose of obscuring her previous unauthorized use of the computer and her previous wrongful actions." [Doc. 1, ¶ 53]. Plaintiff also asserts that defendant Tyer's actions "resulted in loss and damage to [plaintiff] in excess of $5,000 in value, including . . . the attendant costs of conducting a damage assessment and restoring data to the condition prior to Defendant Tyer's actions." [*Id.*, ¶ 54]. Defendants argue that these allegations fail to specify which subsections of the CFAA defendants allegedly violated and do not state sufficient facts to support the allegation that

defendants accessed a protected computer and that plaintiff incurred damages in excess of $5,000.

Although the CFAA is primarily a criminal statute, it also permits "[a]ny person who suffers damage or loss by reason of a violation of this section [to] maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). As an initial matter, the Court notes that defendants have cited no case law, nor does the text of the statute itself suggest that a claim under the CFAA requires pleading with particularity. In addition, from the Court's review of the factual allegations in plaintiff's complaint, the Court is able to discern that the relevant subsections potentially at issue in this dispute are §§ 1030(a)(4), (a)(5), and (a)(6) of the CFAA.[5] Accordingly, the Court finds that the factual allegations of the complaint, when considered with the liberal pleading standard and the Court's standard of review for a motion to dismiss, do not warrant a finding that plaintiff's citation to § 1030 is sufficient to state a claim under the CFAA.

As to defendants' argument that plaintiff has not alleged facts sufficient to support its assertion that defendants accessed a "protected computer," the Court finds this argument unpersuasive. Under the CFAA, a "protected computer" is defined, in pertinent part, as any computer "which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). Computers connected to the Internet have been held to be "part

---

[5] Defendants have also identified at least two of these same subsections in their motion to dismiss.

of a system that is inexorably intertwined with interstate commerce and thus properly within the realm of Congress's Commerce Clause power." *See United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007) (interpreting the term "protected computer" under the CFAA) (internal citations omitted).  Accordingly, because plaintiff has alleged that defendants accessed plaintiff's employees' email accounts, an allegation which involves a connection to the Internet, and "intercept[ed], disseminat[ed], and use[d]" the information unlawfully obtained from the email accounts [Doc. 1, ¶ 33], the Court finds that the allegations in plaintiff's complaint, if true, would support a finding that the computers at issue were "protected computers" within the meaning of the CFAA.

As to defendants' argument that plaintiff has not alleged facts sufficient to support plaintiff's allegation that defendants incurred "damages" of the type contemplated by the CFAA, the Court also finds this argument unpersuasive.  Under the CFAA, the term "damage" means "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).  One court has stated that "[t]he legislative history of the [CFAA] supports the conclusion that intentionally rendering a computer system less secure should be considered 'damage' under § 1030(a)(5)(A), even when no data, program, or system is damaged or destroyed." *Black & Decker (US), Inc. v. Smith*, 568 F. Supp. 2d 929, 937 (W. D. Tenn. 2008) (citing S. Rep. No. 104-357, at 11 (1996)).  Here, plaintiff has alleged that defendant Tyer executed a program to delete data from plaintiff's laptop computer and that this exceeded her authorized use of the computer [Doc. 1, ¶¶ 32-34].  Further, plaintiff has alleged that due to this conduct, plaintiff had to institute remedial

measures and restore the computer system to the condition it was in prior to the alleged damage. [*Id.*, ¶¶ 34, 54]. The complaint also claims that defendant Tyer intercepted, disseminated, and used information defendants unlawfully obtained by assessing, without authorization, plaintiff's employees' email accounts [*Id.*, ¶ 33]. Given these factual allegations, defendants' request to dismiss plaintiff's CFAA claim in Count V is also denied.

## F.      Count VI - Breach of Contract Claim

Defendants also assert that Count VI, plaintiff's breach of contract claim against defendant Tyer, should be dismissed for failure to state a claim for the following reasons: (1) plaintiff has not attached the Proprietary Agreement to the complaint; (2) plaintiff has not provided any details regarding how defendant Tyer damaged plaintiff through her alleged use of plaintiff's proprietary and confidential information; and (3) plaintiff has not alleged any facts identifying any third party competitors to whom defendant Tyer allegedly disclosed plaintiff's proprietary information.

As to defendants' first argument, Federal Rule of Civil Procedure 8(a)(2) does not require a plaintiff who alleges a breach of contract claim to attach the relevant contract to her complaint. Rather, the requirement of Rule 8(a)(2) is that the complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As long as plaintiff has made a plausible showing that it is entitled to relief on the claims stated in the complaint, *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570), the Court will not dismiss a claim simply because the contract at issue is not attached. Here, plaintiff has alleged the terms of the relevant agreement, the parties, the provision at issue,

and the alleged breach [*see* Doc. 1, ¶¶ 12-14, 19-35]. Such factual allegations are enough to state a plausible claim for relief, and thus, plaintiff's breach of contract claim in Count VI will not be dismissed because plaintiff did not attach the Proprietary Agreement.

As to defendants' second argument regarding the lack of specificity of damages for plaintiff's breach of contract claim, the Court finds that plaintiff has stated facts sufficient to comply with the notice pleading requirements of Rule 8(a)(2). There is no requirement that contract damages be pled with detailed specificity. Plaintiff has alleged that defendant Tyer entered into a Proprietary Agreement with plaintiff and agreed not to disclose proprietary information. Plaintiff has alleged that defendant Tyer breached this agreement, disclosed confidential proprietary information, and that plaintiff was damaged as a result and has suffered "actual and consequential damages as may be proven at trial . . . as well as injunctive and equitable relief." [Doc. 1, ¶ 58]. Such allegations are sufficient to state a claim for damages. The parties will have ample opportunity to access specific damage information through the discovery process.

As to defendant's third argument regarding the lack of specificity in identifying "any third party competitors to whom [defendant] Tyer allegedly disclosed [plaintiff's] proprietary information," the Court does not find that plaintiff is required to plead exactly who such third party competitors are in order to state a claim for breach of the Proprietary Agreement. According to the terms of the Proprietary Agreement, which the Court must accept as true for the purposes of a motion to dismiss for failure to state a claim, the Proprietary Agreement prohibited disclosure of confidential information to anyone who was not an employee of

19

plaintiff, not just third party competitors [Doc. 1, ¶ 13]. Thus, under the Proprietary Agreement, any alleged disclosure to any outside person would constitute a breach. Such allegations are sufficient to state a claim for breach of the Proprietary Agreement.

The Court of course recognizes that these are only allegations, which plaintiff will ultimately have the burden of proving in the course of this litigation. However, defendants have not met their burden of showing that plaintiff has not stated a claim for relief in Count VI, and thus, defendants' request to dismiss plaintiff's breach of contract claim is denied.

### G.    Count VII - Civil Conspiracy Claim

Finally, defendants assert that plaintiff has failed to plead a claim for civil conspiracy because plaintiff has failed to state a claim for Counts I, II, III, and IV. Under Tennessee law, a "civil conspiracy is 'a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means.'" *Pressman v. Franklin Nat. Bank*, 384 F.3d 182, 188 (6th Cir. 2004) (quoting *Chenault v. Walker*, 36 S.W.3d 45, 52 (Tenn. 2001)). "It is well settled in Tennessee that the tort of civil conspiracy requires underlying wrongful conduct, and that conspiracy, standing alone, is not sufficient to support a cause of action[.]" *Green v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 887 (W.D. Tenn. 1999). Because the Court has determined that Counts I, II, III, and IV state claims for relief, to the extent described in this Order, if the allegations are later proven, such allegations may constitute wrongful conduct for the purpose of proving a conspiracy. Accordingly, defendants' request to dismiss Count VII, plaintiff's civil conspiracy claim, is also denied.

**III.    Conclusion**

For the reasons stated herein, Defendants' Motion to Dismiss Complaint or in the Alternative Motion for a More Definite Statement [Doc. 13] is hereby **DENIED in part**. The motion is hereby **GRANTED** to the extent plaintiff has alleged, in Count III and Count IV under the TWA and the FWA, that defendants intercepted plaintiff's email communications.  Accordingly, the allegation that defendants intercepted plaintiff's email communications under the TWA and the FWA is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE